15-1180-cv
Lvar, L.P. v. Bermuda Commercial Bank Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
17th day of  May, two thousand sixteen.

Present:        ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                SUSAN L. CARNEY,
                        *Circuit Judges*.
_____

LVAR, L.P.,

                        *Plaintiff-Appellant*,


                    v.                                              15-1180-cv

BERMUDA COMMERCIAL BANK LIMITED, BCB PARAGON
TRUST LIMITED, FKA BCB TRUST COMPANY LIMITED,
NEIL DE STE. CROIX, ANDREW PEAT, ANDREW PEAT
FINANCE CONSULTANTS, AKA ANDREW PEAT GROUP
HOLDINGS, STANLEY CHESED, PROFCO INTERNATIONAL,

                        *Defendants-Appellees*.
_____

Appearing for Appellant:        Howard R. Elisofon, Herrick, Feinstein LLP (Jonathan L. Adler,
                                Aaron M. Kleinmann, *on the brief*), New York, NY.

Appearing for Appellees
Andrew Peat and Andrew
Peat Finance Consultants:            David Lackowitz, Moses & Singer LLP, New York, NY.

Appearing for Appellees
Bermuda Commercial Bank
Limited, BCB Paragon Trust
Limited and Neil de Ste. Croix:      Jacob M. Kaplan, Baker & McKenzie LLP, New York,
NY.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

    **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

    LVAR, L.P. appeals from the March 18, 2015 memorandum and order of the United States District Court for the Southern District of New York (Torres, *J.*) granting the motion by Bermuda Commercial Bank Limited, BCB Paragon Trust Limited, Neil de ste Croix, and Andrew Peat and Andrew Peat Finance Consultants to dismiss on forum non conveniens grounds based on a forum-selection clause in the trust agreement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

    "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). However, the forum non conveniens analysis is altered where there is a valid forum-selection clause. *Id.* at 581. A "plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Thus, a valid forum-selection clause should be "given controlling weight in all but the most exceptional cases." *Id.* at 581 (internal quotation marks omitted).

    As the district court properly found, Section 2.2 of the trust agreement requires that LVAR's claims be litigated in Bermuda. Section 2.2 sets forth the law that controls the trust agreement and the forum for litigating disputes. A plain reading of Section 2.2 reads the first clause "[t]his Trust is established under, and (subject to Clause 23.1) the Proper Law of this Trust shall be, the laws of Bermuda" as selecting the choice of law; and the next clause, "the courts of Bermuda shall be the forum for the administration thereof" as selecting the forum. App'x at 60-61. Moreover, "[a] forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007). We conclude that, in this context, the word "shall" renders the clause mandatory. *See Re A Trust*, [2012] Bda LR 79 [62] (finding that the word "shall" in a similar forum-selection clause rendered the clause mandatory). The district court also properly found that the forum selection clause encompasses all of LVAR's claims. Although the clause requires simply that Bermudan Courts be the forum for "administration" of the trust, the district court properly concluded that Bermudan law interprets "administration" expansively in the trust context. In *Re A Trust*, the Bermudan trial court

observed that "[t]he better view is that the modern draftsman using the terms 'administration' in a trust forum clause does not have in mind now rare administration actions but, rather, is merely seeking to signify the administration of a trust in a general sense." *Id.* [69]. The clause thus encompasses LVAR's claims.

Further, we reject LVAR's arguments that the district court failed to afford proper weight to its private interest arguments. The Supreme Court has held that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 134 S. Ct. at 582. However, our Court has not yet decided whether that categorical waiver applies when the contested transfer is to a foreign jurisdiction, rather than another federal district. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 229-30 (2d Cir. 2014). In any event, LVAR failed to demonstrate litigating in Bermuda would so burden its members as to require invalidating the forum selection clause. LVAR argue that the majority of its members are elderly, ill or incarcerated, but does not identify why others of its partners could not travel to Bermuda to prosecute the suit.

We have considered the remainder of LVAR's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3